IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin D. Rocktaschel,        :
             Petitioner     :
                        :
    v.                :  No. 586 M.D. 2017
                        :  Submitted:  March 18, 2022
The Pennsylvania State Police   :
of the Commonwealth of       :
Pennsylvania,              :
             Respondent   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                          FILED:  May 27, 2022

The Pennsylvania State Police of the Commonwealth of Pennsylvania (PSP) has filed an Application for Summary Relief in this Court's original jurisdiction, asking this Court to enter judgment in its favor and dismiss the Amended Petition for Review filed by Kevin D. Rocktaschel.  Because Mr. Rocktaschel no longer disputes the duration of his registration obligation under the Sexual Offender Registration and Notification Act (SORNA II),[1] and we conclude that PSP's right to relief is clear on the remainder of its claims, we grant PSP's Application for Summary Relief and dismiss Mr. Rocktaschel's Amended Petition for Review.

## **Background**

In 2004, Mr. Rocktaschel pled guilty to sexual misconduct in the State of New York and was sentenced to six years of probation.  *Rocktaschel v. Pa. State Police* (Pa.

---

[1] Act of February 21, 2018, P.L. 27, *as amended* by the Act of June 12, 2018, P.L. 140, 42 Pa. C.S. §§ 9799.10-9799.75.

Cmwlth., No. 586 M.D. 2017, filed Dec. 11, 2020), slip op. at 1 (unreported memorandum). At that time, under New York's sex offender registration law, Mr. Rocktaschel was subject to a 10-year registration requirement; however, the New York legislature increased that requirement to 20 years in 2006. *Id.* at 2. The amended legislation provided for retroactive application to sex offenders who were subject to registration requirements immediately before the amendment's enactment. *Id.*

In 2011, Mr. Rocktaschel moved to Pennsylvania and began registering with PSP as a sex offender under the former Megan's Law III.[2] *Id.* at 2-3. Megan's Law III was subsequently replaced by SORNA II. *Id.* at 3. SORNA II required Mr. Rocktaschel to register for 15 years "unless a longer requirement applie[d] in New York.' *Id.* (citing SORNA II).

On July 30, 2018, following SORNA II's enactment, Mr. Rocktaschel filed an Amended Petition for Review in this Court's original jurisdiction, seeking to have his name removed from the Megan's Law registry.

On May 26, 2020, Mr. Rocktaschel filed an Application for Summary Relief, challenging the duration of his registration obligation in Pennsylvania and the constitutionality of SORNA II as applied to him.

On December 11, 2020, this Court issued a Memorandum and Order denying Mr. Rocktaschel's Application for Summary Relief. With regard to the duration of his registration obligation, we concluded:

> [A]lthough the 10-year registration requirement was in effect in New York when [Mr.] Rocktaschel began registering in 2005, the amended 20-year registration period applied to [Mr.] Rocktaschel beginning in 2006. Because New York requires registration for 20 years, which exceeds the 15-year requirement in Pennsylvania, the 20-year requirement has applied

---

[2] *Formerly* 42 Pa. C.S. §§ 9791-9799.75.

to [Mr.] Rocktaschel since its 2006 effective date, both in New York and upon his relocation to Pennsylvania.

[Mr.] Rocktaschel began registering as a sex offender in April 2005. Therefore, *his registration requirement will not end until April 2025*.

*Rocktaschel*, slip op. at 7 (internal citations omitted) (emphasis added). As to Mr. Rocktaschel's constitutional claims, we concluded that, pursuant to the Pennsylvania Supreme Court's ruling in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), SORNA II's internet dissemination requirement is neither punitive nor an *ex post facto* law as applied to Mr. Rocktaschel. *Rocktaschel*, slip op. at 9. Finally, we determined that Mr. Rocktaschel had waived his claim that SORNA II's internet dissemination requirement reflects an improper irrebuttable presumption of dangerousness on the part of sex offenders. *Id.* at 7 n.9.

One year later, on November 4, 2021, PSP filed the instant Application for Summary Relief, asserting that it is entitled to judgment as a matter of law and seeking dismissal of Mr. Rocktaschel's Amended Petition for Review. PSP asserts that the Amended Petition for Review should be dismissed because: (1) Mr. Rocktaschel is required to register as a sex offender in Pennsylvania until April 2025; (2) applying SORNA II retroactively to Mr. Rocktaschel is not an *ex post facto* violation; (3) requiring Mr. Rocktaschel to register as a sex offender for 20 years does not violate his plea agreement, and PSP cannot be held liable for a violation of his plea agreement; and (4) Mr. Rocktaschel has neither requested a hearing nor presented any evidence to support his claims that SORNA II violates his due process rights or his right to reputation. PSP Appl. for Summ. Relief ¶¶ 6-14.

On December 16, 2021, Mr. Rocktaschel filed a Reply, in which he "agree[s]" with most of the averments in PSP's Application for Summary Relief[3] and asks this Court "to maintain its consistency with its [December 11, 2020] Memorandum and Order" and adopt its prior ruling that he "is awarded credit for his New York[] registration." Rocktaschel Reply to Appl. for Summ. Relief at 1-2 (unpaginated) (capitalization omitted). In response to PSP's averments regarding his due process and reputation claims, Mr. Rocktaschel asserts that he did not seek to present evidence on those claims once he received this Court's December 11, 2020 Memorandum and Order. *Id.* at 2. Mr. Rocktaschel further states that "no [responsive] brief [will] be submitted[,] as *the issue of the length of [his] registration is hereby agreed and settled*." *Id.* (emphasis added).

## Analysis

This Court may grant an application for summary relief if the moving party's right to judgment is clear and no material issues of fact are in dispute. *See* Pa.R.A.P. 1532(b); *Eleven Eleven Pa., LLC v. State Bd. of Cosmetology*, 169 A.3d 141, 145 (Pa. Cmwlth. 2017). In ruling on an application for summary relief, this Court must "'view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law.'" *Eleven Eleven*, 169 A.3d at 145 (citation omitted).

---

[3] The only averment with which Mr. Rocktaschel "disagree[s]" is PSP's averment that PSP was "'not a party to [Mr. Rocktaschel's] plea agreement,' and thus cannot be liable for any supposed breach of contract involving the . . . plea agreement, which occurred in another state." PSP Appl. for Summ. Relief ¶ 10; Rocktaschel Reply to Appl. for Summ. Relief at 2 (unpaginated) (capitalization omitted).

### 1. Length of Registration and *Ex Post Facto* Violation

PSP first asserts that the duration of Mr. Rocktaschel's registration obligation has already been determined by this Court and that applying SORNA II retroactively to Mr. Rocktaschel is not an *ex post facto* violation. In our December 11, 2020 Memorandum and Order, we concluded that Mr. Rocktaschel is required to register as a sex offender in Pennsylvania until April 2025 and that applying SORNA II retroactively to Mr. Rocktaschel is not an *ex post facto* violation pursuant to the Supreme Court's decision in *Lacombe*. *Rocktaschel*, slip op. at 7, 9. In his Reply to the Application for Summary Relief, Mr. Rocktaschel does not dispute PSP's averments, and further asks this Court to adopt its December 11, 2020 Memorandum and Order. *See* Rocktaschel Reply to Appl. for Summ. Relief at 2. Therefore, because PSP's right to judgment is clear and no material issues of fact are in dispute, we conclude that PSP is entitled to summary relief on these claims.

### 2. Violation of Plea Agreement

Next, PSP asserts that it cannot be held liable for any purported violation of Mr. Rocktaschel's New York plea agreement with regard to his registration obligation because PSP was not a party to the agreement. While Mr. Rocktaschel "disagree[s]" with this specific averment, Rocktaschel Reply to Appl. for Summ. Relief at 2, he ultimately concedes that, as a result of our Court's December 11, 2020 Memorandum and Order, "the issue of the length of [his] registration is *hereby agreed and settled*." *Id.* (emphasis added).[4] Therefore, because Mr. Rocktaschel is no longer disputing the

---

[4] As PSP correctly points out, Mr. Rocktaschel has not established that his period of registration was a term of his plea agreement with New York, and, as we previously noted, there is no indication that Mr. Rocktaschel challenged New York's increase of his registration period in 2006 or any time thereafter. *See Rocktaschel*, slip op. at 2.

5

duration of his registration obligation, we conclude that PSP is entitled to summary relief on this claim.

### 3. Due Process and Right to Reputation

Finally, PSP asserts that Mr. Rocktaschel's claims that SORNA II's registration requirements violate his due process rights and his right to reputation fail because he has offered no evidence to support either claim. In his Reply to the Application for Summary Relief, Mr. Rocktaschel does not dispute these averments. *See* Rocktaschel Reply to Appl. for Summ. Relief at 2. Rather, he asserts that he did not seek to present evidence on these claims because of this Court's December 11, 2020 Memorandum and Order, wherein his registration obligation was "agreed and settled," and he expressly declined to file a responsive brief addressing these issues for the same reason. *Id.* Thus, we conclude that, in light of these responses, Mr. Rocktaschel has apparently abandoned his due process and reputation claims.

## Conclusion

Accordingly, because we conclude that PSP's right to relief is clear and no material issues of fact are in dispute, we grant PSP's Application for Summary Relief and dismiss Mr. Rocktaschel's Amended Petition for Review.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin D. Rocktaschel,            :
            Petitioner        :
                            :
         v.                  :   No. 586 M.D. 2017
                            :
The Pennsylvania State Police    :
of the Commonwealth of         :
Pennsylvania,                    :
            Respondent     :

# **O R D E R**

AND NOW, this 27th day of May, 2022, we hereby GRANT the Application for Summary Relief filed by the Pennsylvania State Police of the Commonwealth of Pennsylvania and DISMISS the Amended Petition for Review filed by Kevin D. Rocktaschel.

_____
ELLEN CEISLER, Judge